JANUSZ KECKI
9050 Cherry Avenue
Orangevale, CA 95662
E-Mail: keckjan54@gmail.com
Phone: 916-451-3946



# UNITED STATES BANKRUPTCY COURT
## EASTER DISTRICT OF TEXAS (MARSHALL)

| | |
|---|---|
| IN RE: | ) CASE NO: 15-20032 |
| | ) |
| TEXAS ENTERPRISES LLC | ) **EQUITY HOLDER'S REQUEST** |
| | ) **FOR CERTIFICATION OF NON-** |
| | ) **COMPLIANCE** |
| Debtor. | ) |
| | ) Pursuant to 11 USC §1129 |

**TO THE CLERK OF COURT;**

11 USC § 1129 requires this Honorable Court to confirm any plan for reorganization under Chapter 11 once all of the necessary requisites are met. The requisites include an obligation of the Debtor to comply with the Title, and with the relevant Provisions of the Chapter 11 Bankruptcy Code. Further, Debtor has the responsibility of proving to the Court that the plan was entered into with good faith, and more importantly, <u>that all parties with interest in the company have approved such reorganization</u>.

A careful perusal of the records of herein Case provides that neither Texas Enterprises, LLC, nor its duly authorized representative met all the necessary

requirements of reorganization, in good faith, and that this Honorable Court has not issued an Order confirming the reorganization plan under 11 USC § 1129.

Currently there is an action for declaratory relief filed before the Delaware Chancery Court. The Delaware Court issued an order dismissing summary judgment on the grounds that Texas Enterprises raised, as its dispute, that herein Bankruptcy Court has already issued an Order pursuant to 11 USC § 1129; however, careful perusal of the case records yield that <u>no such order has been issued</u>.

In its Order dated November 18, 2018 **(see order directing further briefing)** the Chancery Court of Delaware justly so noted that "issues of material fact may also exist as to the remainder of equity interest holders, because list of equity holders on Schedule A from April 2013, does not match the 'list of equity security holders' from the Company's March 2, 2015 petition for Chapter 11 relief".

Furthermore, Court of Chancery ordered Plaintiffs to demonstrate why or how could the Plaintiffs have justiciable equity interest other than their own.

Justiciable interest exists because the actual ownership interests in Texas Enterprises LLC were not as portrayed by Mr. Litwin, neither during the course of the bankruptcy nor during current case in Delaware.

In the bankruptcy case Mr. Litwin declared that Ryszard Piskorczyk was 70% equity holder, however towards end of 2018 Mr. Kecki traveled to Poland to find this majority equity holder and received a notarized and translated statement from Mr. Piskorczyk in that "he never was a member of Texas Enterprises LLC, never participated

in any meetings, nor has signed any documents", summarizing that he is a doctor in Poland and has nothing to do with the company **(see notarized statement from 11/7/18).**

Mr. Litwin via his counsels has provided notice of the stock repurchase plan to no one but himself, in addition his corporate resolution entered March 2, 2015 claims that "board of directors of Texas Enterprises LLC d/b/a Bluebonnet Elite Assisted Living has adopted the resolution", however no meeting was ever held giving Mr. Litwin such an authorization to appear in any bankruptcy proceedings. This corporate resolution document is self-authenticated solely by Mr. Litwin.

Title 18 U.S. Code § 1623(c)(1) prohibits the submission of false declarations before any court. The essential elements of this offense are: (1) the defendant was under oath, or submitted any declaration, certificate, verification or statement under penalty of perjury; (2) the defendant made uses any other information, including any book, paper, document, record, recording, or other material; (3) the defendant knew the same contained a false declarations; and (4) the declaration was material.

Pursuant to Chancery Court's order dated November 14, 2018 directing further briefing, Chancery Court has ordered Texas Enterprises LLC to comply with the following issues:

i. whether confirmation of plan in Chapter 11 bankruptcy proceedings released or barred any of Plaintiffs' claims;

ii. whether the Bankruptcy Court made any factual or legal findings regarding the Company's equity ownership as of March 2, 2015;

iii. whether Plaintiffs have justiciable interest in, or standing to seek, a declaratory judgment as to Company equity interest other than their own, given the facts of this matter, and;

    iv.   the Court directed Texas Enterprises LLC to enter into a stipulation with Mr. Kecki as to his undisputed 15% equity ownership, and contact Chambers for a trial date.

In January 2019, attorneys for Texas Enterprises LLC withdrew as counsel citing professional considerations and on March 11, 2019 Texas Enterprises was ordered to obtain new counsel.

Although, the duty to provide the supplemental briefing fell on Texas Enterprises LLC because they disputed validity of the share purchase agreement, and argued that the operating agreement dated April 11, 2013 was never fully executed, Mr. Kecki has taken it upon himself to write this here request to honorable Bankruptcy Court in an attempt to obtain the requested finding of facts and provide the Court of Chancery the supplemental records.

HENCEFORTH, as a party in interest in Texas Enterprises, LLC, and to comply with court order from Chancery Court of Delaware, I am hereby requesting from this Honorable Court, certification that the Debtor has, or has not met, the necessary requirements under the law for confirmation of its plan.

RESPECTFULLY SUBMITTED this 26th day of April, 2019

*Janusz Kecki* (signature)
Janusz Kecki

## CERTIFICATE OF SERVICE

ORIGINAL filed on or about 26th day of April, 2019 with:

**Clerk of United States Bankruptcy Court**
Eastern District of Texas (Marshall)
110 N College Ave #900
Tyler, TX 75702

COPY of the forgoing served on or after April 26th, 2019 onto:

**Searcy & Searcy, P.C.**
c/o Jashua R. Searcy
P.O. Box 3929
Longview, TX 75606

**Office of U.S. Trustee**
Timothy W. O'Neal
110 N. College Ave, Suite 300
Tyler, TX 75702

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JANUSZ KECKI and<br>DEREK CHABROWSKI,<br><br>     Plaintiffs,<br><br>v.<br><br>TEXAS ENTERPRISES, LLC,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 2017-0892-MTZ<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING SUMMARY JUDGMENT
## AND DIRECTING FURTHER BRIEFING

1.  Janusz Kecki and Derek Chabrowski (collectively, "Plaintiffs") allege that they held, or still hold, an interest in Defendant Texas Enterprises, LLC (the "Company"). The Company underwent voluntary Chapter 11 proceedings in the United States Bankruptcy Court for the Eastern District of Texas, Case No. 15-20032. On March 17, 2016, the Bankruptcy Court entered an Order Confirming the First Amended Plan of Reorganization of the Company in those proceedings.[1] On December 14, 2017, Plaintiffs filed a complaint in this Court seeking a declaratory judgment to identify the equity owners of the Company at the time it entered into the Chapter 11 proceedings.[2]

---

[1] *See* Resp. in Opp'n. to Pls.' Mot. for Summ. J. (the "Opposition"), Ex. A at D.I. 119.

[2] Compl. at ¶ 23 (Dec. 14, 2017) (the "Complaint").

2.    This Order addresses Plaintiffs' Motion for Summary Judgment (the "Motion") filed on April 17, 2018. Defendants filed their Opposition on June 22, 2018. Plaintiffs filed their reply on July 12, 2018. Following additional correspondence by the parties, the Court held argument on November 14, 2018, and denied summary judgment. The Court's oral rulings from that hearing are incorporated into this Order as if fully restated.

3.    "There is no 'right' to a summary judgment."[3] "Summary judgment is appropriate when the record shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"[4] "The moving party bears the burden of establishing that there are no issues of material fact, and the court must review all evidence in the light most favorable to the non-moving party."[5] "The Court 'maintains the discretion to deny summary judgment if it decides that a more thorough development of the record would clarify the law or its application.'"[6]

---

[3] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002).

[4] *Weil v. VEREIT Operating P'ship, L.P.*, 2018 WL 834428, at *3 (Del. Ch. Feb. 13, 2018) (quoting Ct. Ch. R. 56(c)).

[5] *Gary v. Beazer Homes USA, Inc.*, 2008 WL 2510635, at *3 (Del. Ch. June 11, 2008).

[6] *Zimmerman v. Crothall*, 2012 WL 707238, at *5 (Del. Ch. Mar. 5, 2012), *as revised* (Mar. 27, 2012) (citations omitted).

XXX 000130 00000000 004 006 00022 INS: 0 0

4. For the reasons discussed at the November 14, 2018, hearing, Plaintiffs have not carried their burden. Plaintiffs seek a declaratory judgment "identifying the names and the percentage of ownership in the company, held by each shareholder at the time that the company was entered into voluntary Chapter 11 bankruptcy."[7] While the parties appear to agree that Kecki was a 15% owner of the Company at the time of the Chapter 11 proceedings, disputes remain as to the material facts of whether Chabrowski held an equity interest and, if so, by what percentage.

5. Most notably, Plaintiffs submitted three documentary exhibits with their Motion: (i) a Sales and Purchase Agreement of Company equity for Kecki, dated April 2, 2013, (ii) a Sales and Purchase Agreement of Company equity for Chabrowski, dated April 8, 2013, and (iii) a purported operating agreement for the Company, dated April 11, 2013, which is not fully executed. Defendants dispute the validity of the Sales and Purchase Agreements.[8] Without ruling on the admissibility or authenticity of the exhibits, the Court notes that the operating agreement Plaintiffs attached provides a "list of members [sic] capital contributions, names and addresses" on its Schedule A. That list includes Kecki as a 15% owner, but does not include Chabrowski. The rest of the interests on Schedule A add up to 100% of the

---

[7] Compl. at ¶ 23.

[8] Opp'n. at ¶ 8.

XXX 000131 00000000 005 006 00022 INS: 0 0

Company's equity. Accordingly, there is a material disputed fact at least as to Chabrowski's equity interests.[9]

6. As at the hearing, the Court directs the parties to provide supplemental briefing on the following issues: (i) whether the confirmation plan in the Chapter 11 proceedings released or barred any of Plaintiffs' claims, (ii) whether the Bankruptcy Court made any factual or legal findings regarding the Company's equity ownership as of March 2, 2015, and (iii) whether Plaintiffs have a justiciable interest in, or standing to seek, a declaratory judgment as to Company equity interests other than their own, given the facts of this matter. The Court directs the parties to contact Chambers for a trial date and submit a scheduling order that incorporates the supplemental briefing.

**IT IS SO ORDERED**, this 14 day of November, 2018.

/s Morgan T. Zurn
Vice Chancellor Morgan T. Zurn

---

[9] Issues of material fact may also exist as to the remainder of equity interest holders. The list of equity holders on Schedule A, which is purportedly from April of 2013, does not match the "List of Equity Security Holders" from the Company's March 2, 2015 petition for Chapter 11 relief. *See* Mot., Ex. 3; Opp'n., Ex. B at 9. Neither of those match the list of equity owners as of March 2, 2015 alleged in the Complaint. *See* Compl. at ¶ 21.

4

XXX 000132 00000000 006 006 00022 INS: 0 0

Ryszard Piskorczyk  
ul. Głęboka 49  
43-30 Cieszyn

7 listopad 2018 r. Cieszyn

## OŚWIADCZENIE

Ja, Ryszard Piskorczyk zeznaję pod przysięgą, że nie jestem i nigdy nie byłem członkiem Texas Enterprises LLC i Bluebonnet Assisted Living w Teksasie USA. Nigdy nie uczestniczyłem w Texas Enterprises LLC spotkaniach i nie podpisywałem żadnych Texas Enterprises LLC dokumentów. Jestem lekarzem i pracuję w Polsce. Jeżeli moje podpisy istnieją w Texas Enterprises dokumentach nie są podpisane przeze mnie.

Ryszard Piskorczyk

## Statment

I, Ryszard Piskorczyk, testify under oath that I am not and never was a member of Texas Enterprises LLC and Bluebonnet Assisted Living in Texas USA. I have never participated in Texas Enterprises LLC meetings and have not signed any Texas Enterprises LLC documents. I am a doctor and I work in Poland. If my signatures exist in Texas Enterprises, the documents are not signed by me.

Ryszard Piskorczyk



KANCELARIA NOTARIALNA MICHALINA BRACHACZEK
UL. INŻ. JÓZEFA KIEDRONIA 1/3
43-400 CIESZYN
TEL. 33 8511-354

Repertorium A numer 2958/2018

# POŚWIADCZENIE PODPISU

Notariusz Michalina BRACHACZEK, prowadząca kancelarię notarialną w Cieszynie przy ul. Inż. Józefa Kiedronia 1/3, niniejszym **poświadcza**, że podpis na złączonym z tą kartą dokumencie własnoręcznie złożył, w jej obecności, w siedzibie Kancelarii Notarialnej: --------

Pan **Ryszard PISKORCZYK**, syn Bogusława i Sabiny, -----------------------------------
zamieszkały – jak oświadczył – w Cieszynie (43-400) przy ul. Głębokiej 49, dowód osobisty: ATD762852, PESEL: 42032901494, ---------------------------------------------------

którego tożsamość stwierdziła notariusz na podstawie okazanego jej dokumentu tożsamości, którego termin ważności nie upłynął, którego seria i numer zostały podane przy jego nazwisku.

Pobrano: ----------------------------------------------------------------------------------------------
- wynagrodzenie za dokonanie czynności notarialnej – na podstawie § 13 rozporządzenia Ministra Sprawiedliwości z dnia 28 czerwca 2004 r. w sprawie maksymalnych stawek taksy notarialnej (t.j.: Dz. U. z 2018r. poz.272), w kwocie.................................................................20,00 zł
- podatek od towarów i usług – na podstawie art. 15, 19a, 29a, 41 i 146a ustawy z dnia 11 marca 2004r. o podatku od towarów i usług (t.j.: Dz. U. z 2017 r. poz. 1221 z późn. zm.), wg stawki 23 %, w kwocie...............................................................................................................4,60 zł
Razem:   24,60 zł

Słownie: dwadzieścia cztery złote i sześćdziesiąt groszy. ----------------------------------

Cieszyn, dnia siódmego listopada dwa tysiące osiemnastego roku (07-11-2018 r.). --------------



MICHALINA BRACHACZEK
NOTARIUSZ